583 A.2d 500

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Willie SUTTON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1990.

Filed Dec. 18, 1990.

Peter Rosalsky, Asst. Public Defender, Philadelphia, for appellant.

Hugh Burns, Jr., Asst. District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

HUDOCK, Judge:

This direct appeal is from the judgment of sentence imposed upon Appellant, Willie Sutton (hereinafter "Appellant"). We vacate and remand for resentencing.

On May 31, 1985, while escaping the robbery of a Philadelphia bank, Appellant shot Police Officer Joseph Corvi in the right side of the skull. On March 14, 1989, Appellant pled guilty to aggravated assault (the shooting of Officer Corvi), aggravated assault (the firing on a second officer), and possession of an instrument of crime. Appellant was sentenced to ten to twenty years for the first offense, a consecutive two to five years for the second, and a concurrent two to five years for the last offense.

Appellant filed an appeal, claiming that a ten to twenty year sentence for aggravated assault was constitutionally excessive. This is so, he contended, because it exceeds the maximum possible sentence for attempted murder, which, in Appellant's opinion, is more serious as an offense than aggravated assault. As a result, Appellant challenged the constitutionality of the sentencing statute, predicating his attack on the following theories: Federal and state equal protection, the federal proscriptions against cruel and unusual punishment, and due process.

In its Letter Brief of August 21, 1990, the Commonwealth, upon study of Appellant's subsequent petition to file a supplemental brief, conceded that the sentence on appeal must be vacated for the following reasons:

> [Appellant] correctly alleges that his offense was committed on May 31, 1985, at which time the highest grade of aggravated assault was a second degree felony. [Appellant] was a fugitive until 1988; 18 Pa.C.S.A. Section 2702(a)(2) had been amended in February, 1987, and upgraded to a first degree felony. Since the upgrading of the offense from a second degree to a first degree felony occurred after the crime, it was inapplicable to [Appellant], and the maximum sentence [Appellant] could face was five to ten years. The ten to twenty term actually

imposed on Bill 2375 was accordingly outside statutory authority. Since the defect is clear, it is not necessary for [Appellant] to file an additional brief.

Commonwealth Letter Brief of August 21, 1990, pp. 1–2.

An address of the balance of Appellant's arguments is, as such, clearly unnecessary. Nevertheless, the Commonwealth's concession does not entirely dispose of this matter. While the Commonwealth does advocate remand, in accordance with Appellant's understanding of his case, it also argues—contrary to Appellant's point of view—that "the sentences on all bills should be vacated and the case remanded for resentencing." Commonwealth Letter Brief of August 21, 1990.[1] Appellant, on the other hand, urges that "[w]here this court vacates an illegal sentence after the filing of an appeal on that information, it is improper to vacate other sentences which are not before it, in order to allow resentencing on those unappealed informations." Appellant's Supplemental Brief, at p. 14. We disagree.

The Commonwealth draws our attention to *Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987), wherein our Supreme Court essentially held that the proscriptions against double jeopardy do not prevent us from remanding for resentencing on all bills of information where our vacation of various related counts has upset the trial court's sentencing scheme.[2] Appellant seeks to under-

---

1. The Commonwealth develops this position more thoroughly in its Letter Brief of August 31, 1990.

2. Our Supreme Court elaborated:

   The power to grant the relief sought by the Commonwealth is vested in our appellate courts by virtue of 42 Pa.C.S.A. § 706 ... Certainly a remand to reconsider a sentence, where the disposition by an appellate court has altered the sentencing scheme of the trial court, is within the purview of this statutory provision. Where one, convicted of several crimes, successfully challenges his judgment of sentence on appeal, remand for resentencing "may be just under the circumstances," as it may further the sentencing court's plans for protection of society from future criminal activity and rehabilitation of the criminal and "reduce the possibility of disparate and

mine the instant application of *Goldhammer* by stressing the fact that "[i]n the case at bar, [A]ppellant appealed only one Information (No. 2375 October Session, 1988), and the Commonwealth never appealed any other Information." Appellant's Supplemental Brief, pp. 18–19.[3] We do not find this distinction to be dispositive, and believe that the underlying rationale of *Goldhammer* is equally applicable.

The counts which Appellant was convicted of are self-evidently interdependent. *See, e.g., White v. State,* —— Del. ——, 576 A.2d 1322 (1990). "When a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan." *Goldhammer,* at 593, 517 A.2d at 1283 (citing *United States v. Busic,* 639 F.2d 940, 948 (1981), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422). Any expectation of finality in Appellant's original sentencing scheme was subverted by the appeal which he filed. *See, e.g., White, supra.* Remand for resentencing on the sole count of aggravated assault for the shooting of Officer Corvi would clearly upset the trial court's ability to effectuate its original sentencing scheme.[4]

irrational sentencing." [Citation omitted]. *Goldhammer,* at 593, 517 A.2d at 1283.

42 Pa.C.S.A. § 706 provides:

An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.

**3.** The defendant in *Goldhammer* appealed all of the informations against him.

**4.** *See, e.g.,* the somewhat analogous case of *Commonwealth v. Vanderlin,* 398 Pa.Super. 21, 580 A.2d 820 (1990), wherein a trial court realized that it had illegally sentenced defendant for attempted rape, and then *sua sponte* decreased the attempted rape sentence, while increasing a consecutive sentence for attempted involuntary deviate sexual intercourse. Defendant, alleging a violation of his double jeopardy protections, stressed that he requested modification of the attempted rape sentence alone. Our court, *inter alia,* noted that the court altered the sentence on its own initiative (i.e. not in response to defendant's request for modification), and, citing *Commonwealth v. Lezinsky,* 264 Pa.Super. 476, 400 A.2d 184 (1979), intimated that the trial court would have sentenced Vanderlin differently had it known that one of its sentences was illegal. Defendant's double jeopardy

We decline the invitation to stress what is conceivably a resourceful procedural strategy on Appellant's part, and thereby assist in the erosion of this ability.[5] Moreover, we emphasize that no double jeopardy violation is implicated where the aggregate sentence upon resentencing does not exceed the original aggregate sentence. *See, Commonwealth v. Walker*, 390 Pa.Super. 76, 87–88, n. 5, 568 A.2d 201, 207, n. 5 (1989).[6]

The judgment of sentence is vacated and the case is remanded for resentencing consistent with this Opinion. Jurisdiction relinquished.

arguments failed, and we recognized the court's authority to re-structure its entire sentencing scheme.

5. It is axiomatic that our holding applies with equal force to a situation where the Commonwealth appeals only that portion of a multi-count sentence where the trial court failed to impose a mandatory minimum sentence. On appeal, the matter would be remanded for the imposition of the mandatory minimum sentence, and, if the sentences on the remaining counts were not also vacated, the defendant could suffer imposition of a far greater total sentence than the sentencing court may have imposed had it originally imposed the mandatory sentence on the one count. In such case, the sentencing scheme would have been seriously upset to a defendant's detriment.

6. Under certain circumstances, it has even been held that the proscriptions against double jeopardy were not violated where the aggregate sentence was increased upon resentencing. *Id.*