J-A24039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VINCENT FRANKLIN, | |
| Appellant | No. 209 EDA 2015 |

Appeal from the Judgment of Sentence May 23, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000743-2004

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.          **FILED December 18, 2015**

Vincent Franklin (Appellant) appeals from the judgment of sentence entered on May 23, 2014, by the Honorable Stephen G. Baratta, Court of Common Pleas of Northampton County.  The instant sentence was imposed after Appellant filed a *habeas corpus* petition in federal court, wherein the court left-standing his underlying convictions for rape, involuntary deviate sexual intercourse (IDSI), aggravated indecent assault, and indecent assault, but vacated an illegal sentence imposed for rape and remanded for resentencing.  We affirm.

Appellant was arrested and charged with several offenses stemming from his sexual abuse of his girlfriend's minor daughter over a three-year period from January 1, 2001 to January 30, 2004.  Appellant was charged originally with 61 counts of rape, eleven counts of IDSI, 25 counts of

* Retired Senior Judge assigned to the Superior Court.

aggravated indecent assault, 86 counts of indecent assault, and one count of intimidation of witness or victim. However, prior to trial, the Commonwealth amended the criminal information to consist of just a single count for each sex offense.[1]

Following a jury trial, Appellant was convicted of one count each of rape, IDSI, aggravated indecent assault, and indecent assault. Thereafter, the trial court, the Honorable William F. Moran, on July 8, 2005, imposed an aggregate term of 25 to 50 years' imprisonment, consisting of 20 to 40 years for rape, five to ten years of consecutive imprisonment for aggravated indecent assault, and one to two years of concurrent imprisonment for indecent assault. At the sentencing hearing, the trial court merged the IDSI count with the rape count and did not impose a sentence for IDSI. In fashioning the judgment of sentence, the trial court applied the mandatory minimum term of 20 years' imprisonment for rape of a child under the version of 18 Pa.C.S. § 3121(e)(1) that became effective on February 7, 2003.[2]

_____

[1] The Commonwealth withdrew the intimidation of witness or victim charge.

[2] Prior to the effective date of the 2003 revisions, the mandatory minimum sentence for rape of a child was 10 years' imprisonment. **See** 18 Pa.C.S. § 3121(a)(6)(2002).

The trial court denied Appellant's post-sentence motions. This Court affirmed the judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Franklin***, 911 A.2d 179 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 917 A.2d 313 (Pa. 2007).

Appellant's first PCRA petition was denied after an evidentiary hearing. This Court affirmed the PCRA court's denial, and our Supreme Court denied his petition for allowance of appeal. Appellant filed two subsequent PCRA petitions, which were denied by the PCRA court and affirmed by this Court.

On August 6, 2009, Appellant filed a *habeas corpus* petition in federal court. United States Magistrate Judge Timothy R. Rice twice recommended that Appellant's petition be denied with prejudice. Appellant subsequently filed an objection on the basis that his sentence for the rape conviction was illegal because he was sentenced under the incorrect statute.

Following an evidentiary hearing, Magistrate Judge Rice filed a Third Supplemental Report and Recommendation wherein he opined that Appellant's sentence for rape was illegal because Appellant was sentenced under the current version of the rape statute, under which 20 years' imprisonment was the mandatory minimum, rather than the pre-February 7, 2003 version, under which 10 years' imprisonment was the mandatory minimum. Magistrate Judge Rice came to this conclusion on the basis that it was impossible to determine whether the jury found that the rape for which Appellant was convicted occurred before or after February 7, 2003, the

effective date of the statutory change. *See* United States Magistrate Judge Timothy R. Rice's Third Supplemental Report and Recommendation, 8/7/2013, at 8-9.

Judge Norma L. Shapiro of the Eastern District of Pennsylvania subsequently approved and adopted Magistrate Judge Rice's recommendation to grant Appellant's *habeas corpus* petition. Judge Shapiro vacated Appellant's 20-to-40 year-sentence for rape and remanded the matter to the state court for resentencing under the pre-February 7, 2003 sentencing guidelines. Judge Shapiro set forth the legal and factual support for her decision as follows.

> On August 7, 2013, Magistrate Judge Rice issued a Third Supplemental Report and Recommendation. Magistrate Judge Rice found that petitioner's claim that the sentence imposed for rape of a child exceeded the statutory maximum was not barred by procedural default and he examined the merits of that claim. At trial, Appellant was convicted of one count of rape of a child on an unspecified date between January 1, 2001 and January 30, 2004. The trial court imposed a sentence of twenty-to-forty years imprisonment, the maximum possible sentence under the current Pennsylvania rape statute. See 18 Pa.C.S. § 3121 (e)(1). In December 2002, the Pennsylvania legislature modified the sentencing provisions of Section 3121. The modified provisions became effective on February 7, 2003. The statutory change doubled the maximum sentence for rape of a child from twenty years to forty years imprisonment. *It is impossible to determine whether the jury found that the rape for which Appellant was convicted occurred before or after the February 7, 2003 statutory change, thus the rule of lenity requires that the trial court should have sentenced Appellant for the lesser offense.* Appellant should have been sentenced under the pre-February 7, 2003 Pennsylvania rape statute, 18 Pa.C.S. § 3121(a)(6) (2002), which carried a maximum penalty of twenty years imprisonment.

- 4 -

Judge Norma L. Shapiro's Order, 5/30/2014, at 2 ¶ I (emphasis added).

On May 23, 2014, pursuant to Judge Shapiro's Order, a second trial court judge, the Honorable Stephen G. Baratta, resentenced Appellant to 10 to 20 years' imprisonment for the rape count. However, Judge Baratta imposed the same aggregate sentence as originally imposed by the first trial judge of 25 to 50 years' imprisonment. The breakdown of the new sentence is as follows: 10 to 20 years for rape, 10 to 20 years of consecutive imprisonment for IDSI, five to ten years of consecutive imprisonment for aggravated indecent assault, and one to two years of concurrent imprisonment for indecent assault. Appellant filed a post-sentence motion for reconsideration, which the trial court denied. This timely appeal followed.

In his first issue, Appellant contends that the sentence imposed on remand was illegal because Judge Shapiro's order only granted the trial court authority to resentence on the count of rape. Appellant's Brief at 20-22. Appellant claims that other than the sentence imposed for the rape count, which was the subject of the federal court's order, all other aspects of the original sentence imposed constituted a final judgment of sentence that was not subject to resentencing. *Id.* Thus, Appellant maintains that Judge Baratta's resentencing on the IDSI, aggravated assault, and indecent assault counts was illegal. *Id.*

Appellant's claim challenges the legality of his sentence. It is well-settled that "[i]ssues relating to the legality of a sentence are questions of law.... Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Brougher***, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

Under Pennsylvania law, if a reviewing court determines that a sentence must be corrected, it has the option of amending the sentence directly or remanding the case to the trial court. ***See Commonwealth v. Dobbs***, 682 A.2d 388, 392 (Pa. Super. 1996). However, if a correction by a reviewing court may disrupt the sentencing scheme envisioned by the trial court, the proper practice is to remand so that that trial court can correct the sentence within the framework provided by the reviewing court. ***See id***.

"When a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan." ***United States v. Busic***, 639 F.2d 940, 947 n.10 (3d Cir. 1981). Thus, "[a]ny expectation of finality in Appellant's original sentencing scheme [is] subverted by [filing an appeal]." ***Commonwealth v. Sutton***, 583 A.2d 500, 502 (Pa. Super. 1990) (citation omitted). ***See also Commonwealth v. Goldhammer***, 517 A.2d 1280, 1283 (Pa. 1986). "[I]f a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme." ***Commonwealth v. Bartrug***, 732 A.2d 1287, 1289 (Pa. Super.

1999). "This has been held true even where [an appellant] specifically limits his appeal to one particular illegal sentence ... [and] does not appeal [other] sentences ... where those sentences are part of a common sentencing scheme." *Id*. (citation omitted).

In his opinion, Judge Baratta maintained that he complied with Judge Shapiro's order by imposing 10 to 20 year sentence on the rape count pursuant to the pre-February 7, 2003 sentencing guidelines. Sentencing Court Opinion, 12/23/2014, at 16-18. Moreover, citing precedent from both the state and federal courts, the sentencing court reasoned that it had authority under Pennsylvania and federal law to resentence Appellant on all other counts on the basis that resentencing on only the rape charge would have disrupted the original sentencing scheme fashioned by Judge Moran. *Id.*

We agree with Judge Baratta's reasoning and conclude that Appellant's sentence is legal. Significantly, the sentencing court followed Judge Shapiro's order and the aggregate sentence imposed remained the same. Moreover, by challenging the legality of his term of imprisonment for the rape count, Appellant intentionally upset the finality of the original sentencing scheme. *See*, *Sutton*. In filing his *habeas corpus* petition, Appellant assumed the risk that his sentencing on the remaining counts would be adjusted as necessary to preserve the integrity of the original sentencing scheme. Additionally, as the sentencing court aptly notes, even

though Appellant only appealed the sentence imposed for the rape count, both Pennsylvania and federal precedent grant the sentencing court the authority to vacate the sentences imposed at the other, inter-related counts in order to maintain the original sentence scheme. Accordingly, Appellant is not entitled to relief.

In his second issue, Appellant argues that Judge Baratta erred in determining that the crimes of rape and IDSI do not merge for the purposes of sentencing. Appellant's Brief at 29. Accordingly, Appellant contends that the trial court's determination that the rape and IDSI counts merged for sentencing purposes is final and not susceptible to modification on appeal. *Id.* Thus, Appellant maintains that by imposing a separate sentence for the IDSI count on remand, the sentencing court erred by illegally sentencing him twice for the same criminal act. *Id.* "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law." *Commonwealth v. Snyder*, 870 A.2d 336, 349 (Pa. Super. 2005) (citation omitted). Accordingly, as with Appellant's first issue, our scope of review is plenary and our standard of review *de novo*. *Brougher*, 978 A.2d at 377.

As a preliminary matter, we note that the current merger statute, adopted in 2003, provides that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of

the other offense." 42 Pa.C.S. § 9765. Appellant contends that his case should be analyzed under the pre-2003 standard:

> Whether the elements of the lesser crime are included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge. We note, however, that the specific facts underlying each conviction must also be considered.

***Commonwealth v. Fisher***, 787 A.2d 992, 994 (Pa. Super. 2001) (citations omitted). Because the victim testified that Appellant's sexual abuse was ongoing for a number of years, from 2001 to 2004, we will analyze the issue under the pre-2003 standard; however, we note that the result is the same under both the pre-2003 case law and the statute.

Here, Appellant was convicted of one count of rape of a child and one count of IDSI. A person commits rape of a child if "he or she engages in sexual intercourse with a complainant ... [w]ho is less than 13 years of age." 18 Pa.C.S. § 3121(a)(6).[3] "Sexual intercourse," in addition to its ordinary meaning, includes "intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. The "ordinary meaning" of sexual intercourse is not defined in the statute; however, it

_____

[3] This is the applicable statute governing conduct committed prior to the February 3, 2003 statutory change.

refers to penetration of the vagina by the penis. *See Commonwealth v. Lee*, 638 A.2d 1006, 1010 (Pa. Super. 1994).

Involuntary deviate sexual intercourse occurs where an individual "engages in deviate sexual intercourse with a complainant ... who is less than 13 years of age." 18 Pa.C.S. § 3123(a)(6).[4] Deviate sexual intercourse is defined as "[s]exual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S. § 3101.

We recognize that both rape and IDSI share common elements. However, in *Commonwealth v. Hitchcock*, 565 A.2d 1159 (Pa. 1989), the Pennsylvania Supreme Court distinguished rape from IDSI and highlighted the importance of sanctioning separate punishments for each.

> The purpose of the statutes [applicable to rape and IDSI] is to protect against forcible sexual penetration of the three orifices of the body by making it a crime to do any or all to a victim. The forcible sexual penetration of another person is not a free choice of the type or method of penetration desired by the perpetrator. If the perpetrator does more than one on the same occasion, then the perpetrator violates different protections and different interests of the victim for which separate penalties follow. Where the victim is a woman she may be injured by three different penetrations on the same occasion. Where each is separately charged ... each may be separately punished.

---

[4] This is the applicable statute governing conduct committed prior to the February 3, 2003 statutory change.

- 10 -

*Id*., at 1161.

Instantly, the victim testified at trial that Appellant "put his private in [the victim's] private" on certain occasions, N.T., 3/15/2005, 90, 99, where on other occasions they engaged in anal sex, *id.* at 91-94, and additionally, on other, separate occasions, oral sex, *id.* at 96. Pursuant to 18 Pa.C.S. § 3121(a)(6), by forcibly placing his penis in the victim's vagina, Appellant committed the crime of rape. Pursuant to 18 Pa.C.S. § 3123(a)(6), by forcibly engaging in oral and anal sex with the victim, he committed IDSI. Moreover, based on the victim's testimony, it was permissible for the jury to find that Appellant's acts constituted two separate and distinct crimes occurring at different times; therefore, it is clear that the trial court erred when it merged the offenses for sentencing purposes. Accordingly, we conclude that the sentencing court, on remand, had the authority to resentence separately for the rape and IDSI counts.[5]

In his third issue, Appellant asserts that the sentencing court erred and violated his double jeopardy rights by resentencing him on the IDSI,

---

[5] We also note that an exception to the coordinate jurisdiction rule applies because, as noted above, the trial court's determination that the counts merged was clearly erroneous under both 42 Pa.C.S. § 9765 and *Fisher*, and a manifest injustice would certainly result if that determination was followed. *See Commonwealth v. Starr*, 644 A.2d 1326, 1332 (Pa. 1995). *See also Zane v. Friends Hospital*, 836 A.2d 25, 29 (Pa. 2003).

aggravated indecent assault, and indecent assault counts. Appellant's Brief at 25-29. Appellant again asserts that he had a legitimate expectation of finality in those sentences. *Id.*

We disagree. As noted above, Appellant intentionally disrupted the sentencing scheme imposed by the first trial court when he filed this appeal. When Appellant's sentence for rape was vacated by the federal court, the entire sentence was considered a legal nullity, and, on remand, Judge Baratta had the authority to resentence Appellant on all counts. *See Bartrug*, 732 A.2d at 1289; *Goldhammer*, 517 A.2d at 1283. *See also Pennsylvania v. Goldhammer*, 474 U.S. 28 (1985) (*per curiam*) (holding Double Jeopardy Clause does not bar resentencing on counts affirmed on appeal when a sentence of imprisonment on another count is vacated). "[D]ouble jeopardy principles do not prevent a sentencing court from correcting, modifying, or increasing a sentence which the same court previously imposed." *Commonwealth v. Rainey*, 488 A.2d 34, 35 (Pa. Super. 1985) (citation omitted). "[N]o double jeopardy violation is implicated where the aggregate sentencing does not exceed the original aggregate sentencing." *Commonwealth v. Sutton*, 583 A.2d 500, 502-503 (Pa. Super. 1990) (citation omitted).[6] Thus, Appellant's contention that

---

[6] This Court has also ruled that in certain situations, a sentencing court has the authority to correct an illegal sentence even if that means increasing the
*(Footnote Continued Next Page)*

the trial court's determination that the rape and IDSI counts merge constitutes a final judgment, and his new sentence violates the principles of double jeopardy, is meritless. ***See id***.

In his fourth issue, Appellant raises a constitutional due process challenge to his sentence by invoking ***North Carolina v. Pearce***, 395 U.S. 711 (1969), *overruled on other grounds*, ***Alabama v. Smith***, 490 U.S. 794 (1989). In ***Pearce***, the United States Supreme Court held that when a new trial is granted to a defendant and the defendant is re-convicted, a due process concern is presented if the defendant is sentenced to a harsher sentence than that originally imposed. ***See*** 395 U.S. at 725-726. The Court explained that under the Constitution, a sentence may not be increased solely to punish a defendant for successfully asserting his rights. ***See id***. To guard against this possibility, the Court established a "presumption of vindictiveness" where a court increases a defendant's sentence upon resentencing. ***Id***. In order to rebut the presumption, the sentencing court must show that the increase in the new sentence is premised upon identifiable conduct committed by the defendant after the first sentencing proceeding. ***See id***.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

aggregate sentence. ***See Commonwealth v. Jones***, 554 A.2d 50, 52 (Pa. 1989); ***Commonwealth v. Greer***, 554 A.2d 980, 987 (Pa. Super. 1989).

The holding of **Pearce** was subsequently modified by **Smith**, in which the Court held that the **Pearce** presumption should be applied only if there is a "reasonable likelihood ... that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." **Smith**, 490 U.S. at 799. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." **Id**.

In **Texas v. McCullough**, 475 U.S. 134 (1986), the Court expanded the exceptions to the judicial vindictiveness presumption announced in **Pearce** and held that a sentencing court may enhance a sentence on the basis of other objective information that was not previously available to the court or for other legitimate sentencing concerns, rather than solely for subsequent conduct by the defendant. **See** 475 U.S. at 141-144.

The **Pearce** presumption applies not only where a defendant is resentenced following a new trial, but also where a defendant is resentenced to correct an illegal sentence. **See Commonwealth v. Hermankevich**, 286 A.2d 644, 646 (Pa. Super. 1971).

Preserving the integrity of a prior sentencing scheme is a legitimate sentencing concern. **See Commonwealth v. Walker**, 568 A.2d 201, 205 (Pa. Super. 1989). When resentencing, a sentencing court is permitted to keep its overall sentencing scheme identical without violating **Pearce**. **See Commonwealth v. McHale**, 924 A.2d 664, 673 (Pa. Super. 2007). "[I]n most circumstances, a judge can duplicate the effect of the original

sentencing plan by adjusting the sentences on various counts so that the aggregate punishment remains the same." **Walker**, 568 A.2d at 206. However, "[i]f a judge could have imposed the same aggregate sentence ... handed down at the original sentencing hearing, and ... instead imposes a harsher aggregate sentence, the presumption of vindictiveness could not be rebutted by invoking the need to preserve the original sentencing plan." **Id**.

In this case, Appellant asserts that his due process rights were violated because the sentence imposed by the sentencing court on remand "constituted an increase in punishment representing actual judicial vindictiveness, or giving rise to a presumption of vindictiveness." Appellant's Brief at 30. Specifically, Appellant argues that his new sentence constitutes a harsher punishment than originally imposed because the trial court declined to merge his convictions and imposed a consecutive sentence on the IDSI count.

The sentencing court explained that the sentence it imposed was not the result of judicial vindictiveness because it preserved the integrity of the original sentencing scheme. Moreover, the court stated that the sentence did not violate Appellant's due process rights because it was the same aggregate sentence as the one originally imposed.

We agree with the sentencing court's reasoning and conclude that Appellant's due process rights were not violated. Here, the sentence imposed on remand was not harsher than the original sentence because it

was the same aggregate sentence of 25 to 50 years' imprisonment. Although the trial court erroneously merged the IDSI and rape counts, the sentencing court had the discretion to correct that error and impose a sentence for the IDSI count to preserve the original sentencing scheme. Because preserving the original sentencing scheme is a legitimate sentencing concern, the *Pearce* presumption is inapplicable.

Moreover, the sentencing court provided legitimate and proper reasons for resentencing Appellant to a total aggregate term of imprisonment identical to that originally imposed. The court made expressly clear that a lesser sentence would not be sufficient punishment due to the horrific nature of Appellant's crimes. *See* N.T., Resentencing Hearing, 5/23/2014, at 13-15, 17. The court cited physical evidence of the horrible pattern of abuse that the victim suffered through the repeated vaginal and anal rapes, forced oral sex, and digital penetration. *See id*. In addition, the court noted that the victim was only ten years old when she was diagnosed with a serious case of vaginal herpes due to Appellant's sexual abuse. *See id*. Finally, the court recognized that Appellant was cited for four misconducts while in prison and was unsuitable for community service supervision. *See id*., at 12.

In his final issue, Appellant asserts that the individual statutory maximum sentences and the aggregate sentence imposed by the sentencing court constituted an abuse of discretion because they represented

"unreasonable and excessive statutory maximum sentences outside of the sentencing guidelines without adequate consideration of the sentencing guidelines, without adequate basis and without contemporaneous statement of reasons for deviation." Appellant's Brief at 35.

We start by noting that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1274 (Pa. Super. 2006). Without such efforts, an objection to a discretionary aspect of a sentence is waived. ***See id***.

Here, Appellant timely filed a motion for reconsideration in which he argued that the sentence he received was unreasonable, excessive, and outside the sentencing guidelines. ***See*** Appellant's Post-Sentence Motion, filed 5/30/14, at ¶¶ 41-46. Thus, Appellant's post-sentence motion preserved the claims now raised on appeal.

"When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence." ***Shugars***, 895 A.2d at 1274. A "substantial question" as to the inappropriateness of the sentence under the Sentencing Code exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie

the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted). "An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate 'the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Shugars***, 895 A.2d at 1274.

In his brief, Appellant asserts that his sentence is excessive and exceeds the recommended range in the sentencing guidelines without an adequate basis. ***See*** Appellant's Brief, at 36. This claim raises a substantial question. ***See Commonwealth v. Johnson***, 666 A.2d 690, 692 (Pa. Super. 1995).

Our standard of review for a challenge to the discretionary aspect of sentencing is as follows.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Id***., at 1274-1275 (citation omitted).

In imposing a sentence, the sentencing court must consider relevant statutory factors, including "the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). A sentencing court has broad discretion

in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-963 (Pa. 2007). A sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). Sentencing guidelines are "merely one factor among many that the court must consider in imposing a sentence." *Id*. (citation omitted). However, if a sentencing court deviates from the sentencing guidelines, it must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

After reviewing the certified record, we conclude that the sentencing court did not abuse its discretion. By sentencing Appellant to consecutive sentences of 10 to 20 years' imprisonment for both the rape and IDSI counts, the court imposed a sentence outside of the sentencing guidelines. Nevertheless, at the resentencing hearing and again in its opinion pursuant to Pa.R.A.P. 1925(a), the court provided valid reasons for Appellant's sentence, including Appellant's personal history, prison misconducts, unsuitability for supervision, and most importantly, the "horrific pattern of abuse" that he inflicted upon the victim, which resulted in her contracting vaginal herpes at the age of ten. *See* N.T., 5/23/14, at 13-15, 17. The court also stated its desire to maintain the first trial court's sentencing scheme due to the seriousness of the crimes committed. *Id.* at 14-15. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judge Wecht joins.

Judge Panella did not participate in this decision.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015