J-S74020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID SAMUEL HUEBSCH | |
| Appellant | No. 1140 EDA 2018 |

Appeal from the Judgment of Sentence Entered February 28, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0001932-2015

BEFORE:  LAZARUS, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 15, 2019**

Following resentencing, Appellant David Samuel Huebsch *pro se* appeals from the February 28, 2018 judgment of sentence entered in the Court of Common Pleas of Bucks County ("trial court"), challenging, among other things, the discretionary aspects of his sentence.  Upon review, we affirm.

The facts and procedural history of this case are uncontested.  Briefly, on July 1, 2015, Appellant pleaded guilty to five counts of indecent assault of a child under the age of thirteen.[1]  Following an evaluation by the sexual offenders assessment board ("SOAB"), the trial court designated Appellant as a sexually violent predator ("SVP") and sentenced him to two to five years imprisonment on the first count of indecent assault, and concurrent terms of

_____

[1] 18 Pa.C.S.A. § 3126(a)(7).

five years' probation for each of the four remaining counts. Thus, in the aggregate, Appellant was sentenced to twenty years' probation.

Appellant timely filed post-sentence motions, challenging his sentence. The trial court conducted a hearing on March 26, 2016, following which it granted Appellant relief in part by reducing his prison sentence from two to five years' to two to four years' imprisonment. The probationary sentence remained the same, *i.e.*, twenty years' probation. Appellant did not file a direct appeal.

On May 1, 2017, Appellant *pro se* filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, raising, among other things, claims for ineffective assistance of counsel. The PCRA court appointed counsel. Following a hearing, on January 5, 2018, the PCRA court issued an order, concluding that Appellant was "entitled to relief from his [SVP] designation" under *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017),[2] *appeal granted*, 190 A.3d 581 (Pa. 2018); the PCRA court denied all other PCRA claims. *See* PCRA Order, 1/5/18.

_____

[2] In *Butler*, this Court concluded that, in light of our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), "Section 9799.24(e)(3) of SORNA [regarding SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Butler*, 173 A.3d at 1218. This Court's reasoning in *Butler* was based on the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt"), which our

On February 28, 2018, the trial court vacated Appellant's SVP designation and resentenced him to the same term of two to four years' imprisonment and a concurrent term of twenty years' probation. Appellant did not file any post-sentence motions. On March 28, 2018, Appellant appealed the PCRA court's January 5, 2018 order denying his other PCRA claims and the February 28, 2018 judgment of sentence.[3] Appellant and the trial court complied with Pa.R.A.P. 1925. At Appellant's request, the trial court conducted a **Grazier**[4] hearing, following which Appellant was permitted to proceed *pro se*.

On appeal, Appellant raises three issues for our review:

I.   Did the [trial court] err in imposing probation on [Appellant] based solely upon expert testimony obtained within an SVP

_____

Supreme Court has held does not apply retroactively where, as here, the judgment of sentence is final. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (holding that "**Alleyne** does not apply retroactively to cases pending on collateral review").

[3] To the extent Appellant files an appeal from the January 5, 2018 order denying him PCRA relief, we must dismiss the appeal as untimely. **See** Pa.R.A.P. 903(a) (a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken); **Commonwealth v. Grove**, 170 A.3d 1127, 1138 (Pa. Super. 2017) (noting that a PCRA court's order granting relief with regard to sentencing and denying all other claims was final and appealable), **appeal denied**, 185 A.3d 967 (Pa. 2018); **Commonwealth v. Watley**, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016), **appeal denied**, 169 A.3d 574 (Pa. 2017) (holding that order directing resentencing but denying PCRA relief on all other issues was final appealable order).

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

hearing that was deemed to be violative of the United States and Pennsylvania Constitutions?

II.     Did the [trial court] err in imposing a term of probation upon [Appellant] when the SOAB report contained errors inconsistent with police reports and prior witness accounts of alleged incidents?

III.    Did the [trial court] err in imposing a term of probation upon [Appellant] that was punitive in nature based upon Pennsylvania Supreme Court's decision in [*Muniz*] and thereby deemed double jeopardy under both the Pennsylvania and United States Constitutions?

Appellant's Brief at 4.

In his first claim, Appellant argues that the trial court erred in considering information presented at his SVP hearing in fashioning his sentence. As the Commonwealth aptly observes, Appellant's claim that the trial court considered an impermissible factor at sentencing is a challenge to the discretionary aspects of sentencing.[5] *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (noting that a claim of a court's reliance upon impermissible factors in fashioning a sentence implicates the discretionary aspects of sentence). It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for

_____

[5] An appellant may challenge the discretionary aspects of sentence, so long as there is no plea agreement as to the terms of the sentence. *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994). Appellant here entered an open plea, N.T. Guilty Plea, 7/1/15, at 7, thus he is not precluded from raising discretionary aspects of his sentence. *See Commonwealth v. Stewart*, 867 A.2d 589, 591 (Pa. Super. 2005).

allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

Here, although Appellant timely appealed from the February 28, 2018 judgment of sentence, he failed to preserve the discretionary aspects of sentencing claims for our review because he did not raise them before the trial court at sentencing or in the post-sentence motion. ***See*** Pa.R.Crim. 720(A)(1); ***see also Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion). Additionally, the Commonwealth objects to Appellant's failure to

include a Pa.R.A.P. 2119(f) statement in his brief. Thus, Appellant's noncompliance with Rule 2119(f) also requires us to find his claims waived. ***Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa. Super. 2016) ("If the Commonwealth objects to the appellant's failure to comply with [Rule] 2119(f), the sentencing claim is waived for purposes of review.") (citations and quotation marks omitted), ***appeal granted***, 174 A.3d 565 (Pa. 2017). Accordingly, Appellant's discretionary aspects of sentencing claim is waived.

Similarly,[6] in his second claim, Appellant challenges the validity of his "SOAB report" that the trial court allegedly considered at sentencing because it "contained facts that were not based upon the certified record." Appellant's Brief at 17. Our review of the record reveals that Appellant failed to challenge the validity of the SOAB report before the trial court, either at sentencing or in a post-sentence motion. Accordingly, we decline to review this claim. ***See*** Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

In his third claim, Appellant attempts to implicate the legality of his sentence. Appellant argues that his probation sentence of twenty years violates the double jeopardy clauses of the United States and Pennsylvania constitutions. In support, Appellant points out that his probationary sentence was based upon evidence presented during his SVP hearing, which he argues

---

[6] Appellant's first two claims are intertwined, because, at the core, he challenges the trial court's consideration of Dr. Eric Weinstein's (psychologist) report prepared, and testimony offered, for purposes Appellant's evaluation by the SOAB.

was avoid *ab initio* because his SVP designation was ruled illegal under **Butler**. Appellant's argument lacks merit.

First, the trial court re-imposed upon Appellant the exact same sentence of two to four years' imprisonment and a concurrent term of twenty years' probation. As a result, no double jeopardy concerns occur in such circumstances. **See Commonwealth v. Sutton**, 583 A.2d 500, 502–03 (Pa. Super. 1990) (declaring that "no double jeopardy violation is implicated where the aggregate sentence upon resentencing does not exceed the original aggregate sentence") (citation omitted), **appeal denied**, 596 A.2d 156 (Pa. 1991); **see also Commonwealth v. Adams**, 504 A.2d 1264, 1268 (1986) (*en banc*) (concluding that, because there was no increase in Adams' aggregate sentence, there was no double jeopardy violation). Second, in **Commonwealth v. Shugars**, 895 A.2d 1270 (Pa. Super. 2006), we explained that a trial court is permitted to consider a defendant's SOAB evaluation in fashioning a sentence. "[A] copy of the SOAB assessment shall be provided to the agency preparing the presentence investigation, and therefore, *it may be utilized by the court as an aid at sentencing*." **Shugars**, 895 A.2d at 1277 (citations omitted) (emphasis in original). Third, insofar as Appellant suggests that **Muniz** prohibits a term of probation, he is mistaken. Our Supreme Court held in **Muniz** that SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions. Finally, Section 9721(a) of the Sentencing Code, provides that

a trial court shall "consider and select **one or more** of the following alternatives and may impose them consecutively or concurrently: (1) an order of probation. (2) A determination of guilt without further penalty. (3) Partial confinement. (4) Total confinement. (5) A fine. . . . . . 42 Pa.C.S.A. § 9721(a) (emphasis added). Here, the trial court chose to impose a term of two to fours' imprisonment and a concurrent sentence of twenty years' probation.

In sum, Appellant's claims are either waived or without merit. Accordingly, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judge Lazarus joins this memorandum and files a concurring statement.

Judge McLaughlin joins this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/19