**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Antonio ALEXANDER, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 2010.
Filed March 18, 2011.

Owen W. Larrabee, Public Defender, and Peter Thompson, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, and Priya Travassos, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., and STEVENS, GANTMAN, PANELLA, DONOHUE, SHOGAN, ALLEN, LAZARUS and MUNDY, JJ.

OPINION BY LAZARUS, J.:

Antonio Alexander appeals from his judgment of sentence after entering an open guilty plea to violations of the Uniform Firearms Act (VUFA).[1] Alexander was sentenced to 1–2 years of imprisonment, to be followed by three years of reporting probation. On the same day he was sentenced, the court also imposed a condition on Alexander's probation and/or parole that makes him subject to random searches of his residence (limited to the space he occupies) by agents of the Gun Violence Task Force. On appeal, Alexander challenges the validity of the search condition, contending that such suspicionless searches are unconstitutional under both federal[2] and state[3] constitutions and beyond the authority of the trial court. We agree and vacate and remand for sentencing.

**FACTS**

On the evening of December 14, 2007, Philadelphia Police Detectives saw Alexander, a convicted felon at the time, walking on the street carrying a handgun over his shoulder. When the officers attempted to stop him, he ran and tossed the gun aside. The police recovered the gun, an inoperable 9mm automatic loaded with 33 rounds, and noticed that its serial number had been removed. The case was assigned to Philadelphia Gun Court, where Alexander pled guilty before the Honorable Susan I. Schulman.

At sentencing, the trial judge ordered Alexander to serve 1–2 years in prison for his section 6105 violation, to be followed by three years of probation for his section 6110.2 infraction. The court also informed Alexander that he would not be eligible for early parole and that he would be on "Gun Court" probation, explaining:

> In my mind this could easily be an aggravated range sentence, easily, without much hesitation. The guidelines here are low for you. However, I have a great deal of concern about your ability to be on the street. So if you would please rise, I'll impose your sentence.

> \*     \*     \*

> You have been on probation a lot before. You will be on my probation for three years when you're released.

> The difference between the probation you were on and the probation you will be on is light-years. There is no stricter probation than gun court probation. So those other probation terms you were on, forget what that was like entirely. Gun court probation is supervised only by gun court probation supervisors through the gun violence task force. They only supervise people such as yourself convicted of gun court crimes. They respond and report directly to me; very small case loads of people.

> There is zero tolerance, Mr. Alexander, for any type of gun court probation violation whatever. And I'm going to set out for you what that means now so that we both have an understanding from the getgo. There will be—obvious-

---

**1.** 18 Pa.C.S.A. § 6105(a)(1) (possession of prohibited firearm); 18 Pa.C.S.A. § 6110.2(a) (possession of firearm with altered manufacturer's number).

**2.** U.S. Const. amend. IV (protecting citizens from unreasonable searches and seizures in absence of warrant based upon probable cause).

**3.** Pa. Const., art. I, § 8 (similar to its federal counterpart, article protects citizens of this Commonwealth from unreasonable searches and seizures in absence of warrant based upon probable cause).

ly, the gun in this case will be relinquished and destroyed.

You are never permitted to own or possess a firearm even for the briefest amount of time Mr. Alexander. There will be 20 hours of community service, firearm safety class, random drug screen and anger management, vocational counseling. All of those things get put into place in an attempt to help you, Mr. Alexander.

\* \* \*

However, if you—here's where it gets hard: If you are arrested for anything at all while you're on gun court probation, just arrested for anything, you violate that probation, you will serve out a very long time in jail, no excuses.[.]

\* \* \*

In regard to what we're talking about [regarding the 6105 order], when you're released from prison, when you're on parole and when you're on probation, I'm ordering that you are not permitted to reside in a house where anyone has a gun. All right?

**So I'm signing an order allowing random searches of your residence. So that if you reside in a house where there's a gun, that would also be a violation of your probation or parole.**

N.T. Sentencing, 8/15/2008, at 15–21 (emphasis added).

Alexander filed a post-sentence motion to reconsider his sentence and strike the probation/parole condition allowing for the random residential searches. The court denied the motion, finding that the random searches were both reasonable and necessary for a convicted felon on probation who is prohibited from having a firearm or residing with anyone who has a firearm. Alexander filed this timely appeal, again contesting the constitutionality and reasonableness of the search condition.[4]

## DISCUSSION

■ Before we address the merits of Alexander's claim on appeal, we must first determine whether he has preserved this issue for our review. The Commonwealth contends that the issue regarding the validity of the random, warrantless search condition on Alexander's parole and/or probation is one that challenges the discretionary aspect of his sentence. The Commonwealth further argues that because Alexander has failed to demonstrate that a substantial question exists as to whether the imposed sentence was appropriate under the Sentencing Code as a whole, the claim is waived on appeal. We disagree.

■ Our full Court recently addressed this exact issue in *Commonwealth v. Wilson*, 11 A.3d 519 (Pa.Super.2010) (en banc), where a similar search condition was imposed on Wilson's sentence. In that decision, a majority of the Court held that the issue involved one of legality of sentence because it essentially questions the court's authority to impose conditions on a defendant's probation and parole. *Id.* at 524–25, 535–36.[5] Because we are bound by the

---

4. Specifically, Alexander's issue states:
   Did not the lower court's order at sentencing allowing for random searches of appellant's home without the minimal requirements of individualized reasonable suspicions required by both the United States *Constitution* and the Pennsylvania Constitution unconstitutionally sanction suspicionless searches and was not the order beyond the authority of the court?

Appellant's Brief at 3.

5. Despite the fact that a majority of the *Wilson* Court found the issue was one of legality of sentence, even if we were to classify it as a discretionary aspect of sentence claim we would still find that Alexander has preserved the issue because he filed post-sentence motions. *See supra* at 3–4. Unlike Alexander, Wilson had not filed a post-sentence motion

*Wilson* Court's determination that the issue on appeal is a challenge to the legality of Alexander's sentence,[6] the claim is non-waivable. *See Commonwealth v. Dickson,* 591 Pa. 364, 918 A.2d 95 (2007) (challenges to sentences based upon their legality are not subject to waiver).

### Probationary Condition

■ Alexander claims, as did the defendant in *Wilson,* that in order to be valid, the searches of his residence while he is on probation must be based, at least, upon a minimal level of reasonable suspicion. Without this particularized suspicion or any statutory authority giving the trial court the power to order such suspicion-less searches, Alexander asserts that the court exceeded its authority and violated his constitutional right to be free of unreasonable searches. We agree.

In *Wilson, supra,* our Court was equally divided on the validity of the same search condition that was imposed on the defendant's probation sentence. Although a plurality affirmed the trial court, finding that such probation conditions were "lawful under § 9754(b)[7] of the Sentencing

Code as the condition was reasonably related to Wilson's rehabilitation and public safety[,]" *id.* at 531, this author issued a plurality decision to reverse Wilson's sentence, stating:

[A] court lacks authority to order the performance of an act that is contrary to statutory law and that any order purporting to require such an act is a legal nullity. *See Commonwealth v. Mears,* 972 A.2d 1210 (Pa.Super.2009) (holding imposition by trial court of condition of parole to be legal nullity as statutory law vests such authority solely with Board of Probation and Parole). Here, the trial court ordered that [the defendant] be subjected by the Department of Probation to random, warrantless searches in contravention of Section 331.27b,[8] which requires that probationary searches be supported by reasonable suspicion. As a result, I would vacate that portion of [the defendant's] sentence requiring that he be subjected to such searches.

*Wilson, supra* at 537.

Our Commonwealth has recognized that individuals on probationary supervision

---

challenging the condition. Because the failure to file a post-sentence motion could have foreclosed Wilson's challenge to the condition had it been deemed a discretionary aspect of sentence claim, our Court proceeded to fully discuss the implication of the search condition on a defendant's sentence.

**6.** A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo. See Commonwealth v. Williams,* 980 A.2d 667, 672 (Pa.Super.2009), appeal denied, 605 Pa. 700, 990 A.2d 730 (2010).

**7.** 42 Pa.C.S.A. § 9754(b) (statutory provision permitting court to attach reasonable, specified conditions found in section 9754(c) to a probation order "as it deems necessary to insure or assist the defendant in leading a law-abiding life.").

**8.** 61 P.S. § 331.27b, which was repealed in October 2009, was in effect at the time that Alexander was sentenced on August 15, 2008. That statute provided, in pertinent part, the following:

A property search may be conducted by any officer **if there is reasonable suspicion** to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision.

61 P.S. § 331.27b(d)(2) (emphasis added). In October 2009, the legislature codified 42 Pa. C.S.A. § 9912(d), which similarly gives county probation agents authority to supervise their offenders and contains the same language as its predecessor, section 331.27b.

have a diminished expectation of privacy, *Commonwealth v. Williams*, 547 Pa. 577, 692 A.2d 1031 (1997); however, that does not mean that the search of a probationer's residence can be conducted *at any time* and *for any reason*. *See* 61 P.S. § 331.27a, b (now repealed statute authorizing state and county parole and probation officers to perform searches where there is at least reasonable suspicion to believe parolee or probationers possess or control evidence violating conditions of parole or probation). To further this point, Alexander cites to *Williams, supra*, which held that there must be at least reasonable suspicion to search the residences of parolees without a warrant.

In *Williams*, unlike this case; the defendant signed a form expressly consenting to the warrantless search of his residence by agents while on parole. Acknowledging the factual distinctions between this case and *Williams*, the most significant being that here the search condition is tied to a *probation* sentence, Alexander correctly points out that the constitutional rights of a parolee and a probationer are indistinguishable. *Id.* at 585 n. 7, 692 A.2d 1031, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n. 3, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Thus, Alexander argues that just as Williams' residence could not be searched while he was on parole without at least a minimum level of reasonable suspicion, so too should the same level of suspicion be required to apply to the search of his home while he is on probation. We agree.

As the opinion in support of reversal concluded in *Wilson*, the instant probation condition imposed by the trial court on Alexander's sentence has no basis in statutory authority or other legal authority. In

fact, the condition violates the plain language of section 331.27b, which requires probation officers to support their searches with reasonable suspicion. *Wilson*, 11 A.3d at 536–37. There must be *some* level of *reasonable* suspicion present in order to protect a probationer's state and federal constitutional right to be free from unreasonable searches; a trial court may not, through legislation, circumvent the constitutional protections afforded citizens. Because the present condition permits suspicionless searches, the trial court exceeded its scope of authority and the condition is illegal. *See Commonwealth v. Mears*, 972 A.2d 1210 (Pa.Super.2009) (holding that where court was without authority to impose special terms and conditions of parole, that portion of sentence was vacated as illegal). Thus, we vacate that portion of Alexander's sentence permitting such searches of his residence while on probation.

### Parole Condition

■ With regard to the trial court's imposition of the random search-for-guns condition on Alexander's parole, the *Wilson* Court has also spoken on this issue. In *Wilson*, a majority of our Court held that where the maximum term of a defendant's sentence is two or more years, a trial court is without authority to set the terms of any parole. *Id.* 11 A.3d at 530–31. *See* 61 P.S. § 331.26 (sentencing judges have parole authority only when maximum sentence is less than two years). Here, Alexander's maximum sentence was two years' imprisonment; therefore, any such condition in this case would be a legal nullity. *Wilson, supra* at 530–31. We, therefore, also vacate that portion of his sentence as it relates to parole.[9]

9. To the extent that the Commonwealth claims the court's random search condition only applies to Alexander's probation, we note

that the trial court's order specifically states that the condition applies "for the duration of the defendant's probation and/or *parole* peri-

Judgment of sentence vacated. Case remanded for resentencing.[10] Jurisdiction relinquished.

FORD ELLIOTT, P.J., files a Concurring and Dissenting Opinion.

PANELLA, J., files a Concurring and Dissenting Opinion, in which STEVENS, SHOGAN and ALLEN, JJ., join.

## CONCURRING AND DISSENTING OPINION BY FORD ELLIOTT, P.J.:

I agree with my esteemed colleagues in the majority that the probation condition permitting suspicionless searches of Alexander's residence is unconstitutional and must be vacated. However, for the reasons described in my concurrence in *Commonwealth v. Wilson*, 11 A.3d 519 (Pa.Super.2010) (*en banc*), I must respectfully disagree that the issue implicates the legality, rather than the discretionary aspects, of Alexander's sentence. *See id.* at 532 n. 5 ("even issues of constitutional dimensions can be waived.") (citation omitted). While the trial court committed legal error by authorizing random searches for firearms, this did not render Alexan-

od," Sentencing Order, 8/15/2008 (emphasis added), and that in its sentence stated in open court the trial judge noted, "I'm signing an order allowing random searches of your residence. So that if you reside in a house where there's a gun, that would also be a violation of your probation or parole." N.T. Sentencing, 8/15/2008, at 21. Moreover, we are aware that the court's sentencing order also states "No Early Parole;" however, within that same list of conditions the court's order also lists "Random Searches: Defendant is subject to random searches of his residence for firearms when *paroled.*" Sentencing Order, 8/15/2008 (emphasis added). Thus, to the extent that the court may apply this condition to Alexander's parole, it must be vacated. *See Commonwealth v. Gordon*, 897 A.2d 504, 507 n. 4 (Pa.Super.2006) (where discrepancies exist, sentencing order takes precedence over orally pronounced sentence).

der's sentence "illegal" as that term is narrowly defined by the relevant case law. Rather, I would find that imposition of a random searches condition represents an abuse of discretion and is unenforceable.

Unlike the defendant in *Wilson*, Alexander has preserved the issue by filing post-sentence motions challenging the condition. Therefore, the matter is not waived and we may address it. I also note that with respect to Alexander's *parole*, I agree that application of the random searches condition goes to the legality of the sentence. This is because, as explained by the majority, the trial court is statutorily unauthorized to set any conditions of parole where the defendant is sentenced to a maximum term of incarceration of two or more years, and the Pennsylvania Board of Probation and Parole is solely authorized to set the conditions of parole.

For these reasons, I must respectfully dissent with regard to that part of the majority Opinion holding that Alexander's challenge to the condition of probation at issue goes to the legality of his sentence, but I join in all other respects.

10. One of the main reasons that the trial judge imposed the random probationary search condition in the instant case was due to her "great deal of concern about [Alexander's] ability to be on the street." N.T. Sentencing, 8/15/2008, at 16. In light of this fact, we believe that our disposition today, which strikes as illegal that condition, has upset the sentencing scheme intended by the trial court. Thus, we must remand for resentencing. *See Commonwealth v. Sutton*, 400 Pa.Super. 291, 583 A.2d 500, 502 n. 2 (1990) (where one convicted of several crimes successfully challenges judgment of sentence on appeal, remand for resentencing may be just under circumstances, because it may further sentencing court's plans for protection of society from future criminal activity and rehabilitation of criminal and reduce possibility of disparate and irrational sentencing).

CONCURRING AND DISSENTING OPINION BY PANELLA, J.:

I agree with my distinguished colleagues in the Majority that Alexander's sentencing claims challenge the legality of the sentence imposed and that the portion of the sentence imposing a parole condition must be vacated. I do not, however, join the Opinion in so far as it rules that the Philadelphia Gun Court lacks the authority to impose a probationary condition ordering random, warrantless searches of Alexander's residence for guns. In *Commonwealth v. Wilson*, 11 A.3d 519 (Pa.Super.2010) (Opinion in Support of Affirmance), I explained why I believe the Philadelphia Gun Court has the authority to impose, as a condition of probation, random, warrantless searches of a probationer's residence. For the reasons set forth in *Wilson*, I respectfully dissent.

STEVENS, SHOGAN and ALLEN, JJ., join.