J-A26031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABRAHAM MICHELE MAMAN | : | |
| | : | |
| Appellant | : | No. 3443 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 30, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002330-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABRAHAM MICHELE MAMAN | : | |
| | : | |
| Appellant | : | No. 3444 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 2, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000524-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 19, 2020**

Appellant Abraham Michele Maman appeals the judgment of sentence

entered by the Court of Common Pleas of Montgomery County after Appellant

pled guilty on two separate dockets to unlawful contact or communication with

a minor (photographing, videotaping, depicting on computer or filming sexual

_____

[*] Former Justice specially assigned to the Superior Court.

acts), indecent assault, corruption of minors, and sexual abuse of children. For the reasons that follow, we affirm the judgment of sentence with the exception that we eliminate the condition that the trial court placed on Appellant's release from imprisonment.

The trial court summarized the factual background of this case as follows:

> [Appellant] was previously the manager of a Roots Restaurant in East Norriton, PA. Between May 1, 2018 and December 8, 2018, on multiple occasions, [Appellant] met with an employee of the restaurant named A.G. inside his office at the restaurant. A.G. is a male who was under the age of sixteen (16). On one occasion, [Appellant] brought the victim into his office and put his hands over and underneath the victim's pants and performed masturbation on him. During this incident, a surveillance camera inside the office was able to transmit video of the encounter to [Appellant's] computer. On another occasion, [Appellant] drove A.G. home from work and offered him $100.00 to allow [Appellant to] perform oral sex on him.

Trial Court Opinion (T.C.O.), 2/13/20, at 1-2.

On June 11, 2019, Appellant entered an open guilty plea to the aforementioned charges. On October 2, 2019, the trial court imposed the following individual sentences: 54-108 months of imprisonment for the unlawful contact or communication with a minor charge, 6-12 months of imprisonment for the indecent assault charge, 6-12 months of imprisonment for the corruption of minors charge, and 22-42 months of imprisonment for the sexual abuse of minors charge. The trial court indicated that all the sentences would run consecutively with the exception of the sexual abuse of

children charge. As a result, Appellant received an aggregate sentence of 66 to 132 months (5½-11 years) of imprisonment.

On October 11, 2019, Appellant filed timely-post sentence motions, arguing that his aggregate term of imprisonment was unduly harsh and requesting a lesser aggregate sentence of three to six years of imprisonment. On October 30, 2019, the trial court modified Appellant's sentence on the sexual abuse of children charge to 21-42 months of imprisonment[1] and denied Appellant's post-sentence motions.

On November 22, 2019, Appellant filed a motion to submit supplemental post-sentence motions *nunc pro tunc*, which the trial court subsequently denied. On November 27, 2019, Appellant filed this timely appeal.

Appellant also complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

I. Whether the Sentencing Court had lawful authority to impose conditions of Appellant's parole from a state sentence?

II. Whether the imposition of consecutive guideline sentences resulted in a manifestly unreasonable aggregate sentence, when, in formulating such a sentence, the Sentencing Court improperly relied upon conclusions based on personal beliefs which were contrary to the evidence presented at sentencing, and wholly failed to consider the rehabilitative needs of [Appellant] in contravention of Section 9721(b) of the Sentencing Code?

Appellant's Brief, at 4.

---

[1] As this sentence ran concurrently to the other individual sentences, it did not affect Appellant's aggregate sentence.

First, Appellant argues that the trial court had no authority to impose conditions on his parole to prohibit Appellant from contacting the victim, having any unsupervised contact with minors, and from being within 1,000 feet of any school or playground. While Appellant raises this argument for the first time on appeal, this claim is a challenge to the legality of his sentence, and thus, unwaivable. *See Commonwealth v. Alexander*, 16 A.3d 1152, 1154-55 (Pa.Super. 2011) (citing *Commonwealth v. Wilson*, 11 A.3d 519 (Pa.Super. 2010) (*en banc*) (finding that a challenge to the trial court's authority to impose conditions on a defendant's probation or parole constitutes a challenge to the legality of sentence which is unwaivable).

We agree that the trial court did not have the authority to impose this restriction. This Court has held that "the Pennsylvania Board of Probation and Parole [(PBPP)] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years." *Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa.Super. 2011) (quoting *Commonwealth v. Mears*, 972 A.2d 1210 (Pa.Super. 2009)). In *Coulverson*, this Court found that the trial court exceeded its authority in imposing a condition that Appellant have no contact with his victims or their families upon his release on parole. *Coulverson*, 34 A.3d at 141-42. *See also* 61 Pa.C.S.A. §§ 6132(a) and (b)(1), (2) (codifying the principle established in *Mears*).

In this case, as Appellant was sentenced to a maximum term of imprisonment of more than two years, the PBPP has exclusive authority to determine his parole.

To the extent that the trial court's sentencing order imposes conditions of parole, we vacate those conditions. We note that "[t]his Court has the authority to correct an illegal sentence directly rather than to remand the case for re-sentencing as long as we do not disrupt the trial court's sentencing scheme in doing so." *Commonwealth v. Melvin*, 103 A.3d 1, 56 (Pa.Super. 2014) (citation omitted). As our elimination of the trial court's condition upon Appellant's release from prison does not disrupt the trial court's sentencing scheme, we need not remand for resentencing.

Second, Appellant argues that the trial court abused its discretion in (1) imposing consecutive guideline sentences that resulted in a manifestly unreasonable aggregate sentence, (2) improperly relying upon conclusions based on personal beliefs which were contrary to the evidence presented at sentencing, and (3) failing to consider Appellant's rehabilitative needs.

However, it is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to

Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). *Id*.

Appellant filed a timely notice of appeal and a timely post-sentence motion. However, the sole issue Appellant raised in his post-sentence motion was his claim that his aggregate sentence was manifestly excessive due to the consecutive nature of his individual sentences. It is well-established that "issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Heaster*, 171 A.3d 268 (Pa.Super. 2017) (quoting *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa.Super. 2012) (*en banc*)). As such, while Appellant properly preserved his challenge to the trial court's decision to run his sentences consecutively, we deem all other challenges raised in Appellant's appellate brief to be waived.

We must also determine whether Appellant has raised a substantial question for our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015). (internal citations omitted).

With respect to a lower court's discretion to impose consecutive sentences, our Court has provided the following:

> Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. **The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances**, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Commonwealth v. Moury*, 992 A.2d 162, 171–72 (Pa.Super. 2010) (citations omitted) (emphasis added). This Court has emphasized that the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 588 (Pa.Super. 2010) (quoting *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598–99 (Pa.Super. 2010)).

Specifically, Appellant claims the trial court's decision to run his individual sentences (which all fell in the standard range of the sentencing guidelines) consecutively resulted in an unreasonable aggregate sentence as Appellant accepted responsibility for his crimes and expressed remorse.

Appellant makes no attempt to articulate any reasons why the imposition of consecutive sentences in this case is unduly harsh considering the nature of the crimes and the length of his aggregate term of imprisonment. In this case, Appellant took advantage of his position as the victim's employer to manipulate the victim into allowing Appellant to molest him. The trial court emphasized that Appellant befriended and groomed the victim in his position of trust and exploited the victim's vulnerability. Notes of Testimony (N.T.), Sentencing, 10/2/19, at 55-58. As such, the trial court found that Appellant preyed upon the minor victim for his own sexual gratification. *Id*.

In addition, Appellant recorded the sexual assault through the restaurant's surveillance system and arranged for the video to be sent to his computer. Furthermore, Appellant sought to assault the minor victim on a subsequent occasion by offering the victim $100 to allow Appellant to give the victim oral sex, which the victim resisted.

Based on the record before this Court, we find that Appellant's aggregate sentence of 5½ -11 years of imprisonment is neither unduly harsh nor excessive in light of Appellant's criminal conduct. As such, Appellant has not raised a substantial question for our review and his challenge to the discretionary aspects of his sentence is meritless.

Accordingly, we affirm the judgment of sentence after modification of the sentence as described hereinabove to eliminate the condition that the trial court placed on Appellant's release from imprisonment.

Judgment of sentence affirmed with appropriate correction. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/20