J-S46019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAREE VAUGHN | : | |
| | : | |
| Appellant | : | No. 2174 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003914-2018

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED:  MARCH 22, 2021**

Appellant, Sharee Vaughn, appeals from the judgment of sentence entered March 14, 2019, in the Court of Common Pleas of Philadelphia County. Upon careful review, we affirm the judgment of sentence with the exception that we eliminate the condition that the trial court placed upon Appellant's release from imprisonment.

The trial court set forth the factual and procedural history of this case as follows:

> Complainant A.K., an 11-year-old child, was at home with his mother, [Appellant], on March 24, 2018 when his mother noticed her drugs were missing.  Notes of Testimony, 1/7/19 at 15.  She asked A.K. to help find them.  *Id*. at 16.  When he could not find the drugs his mother hit him and choked him with both hands, causing him to be unable to breath[e].  *Id*. at 17. [Appellant] also stomped A.K. on his stomach with her foot.  *Id*. at 18.  The beating stopped when A.K. told [Appellant] that a friend of hers took them, lying to her to stop the beating.  *Id*. at 19.

The next morning [Appellant] asked A.K. why he lied about who took the drugs. Notes of Testimony, 1/7/19 at 21. [Appellant] became angry and told A.K. to go to [Appellant's] bedroom. *Id*. Once inside the room [Appellant] used a leather belt to beat A.K. on his back, arms and legs. *Id*. at 21-22. The beating only stopped when [A.K.] was able to escape from the room. *Id*. at 23. Following the assault, [A.K.] ran out of the house into the cold while barefoot and wearing only his sweatpants. *Id*. He was eventually able to find a SEPTA worker who called the police. *Id*. at 23-24.

After speaking with police, A.K. was taken to a hospital and treated by a doctor. Notes of Testimony, 1/7/19 at 26. He had markings on his neck from where [Appellant] had choked him. *Id*. a[t] 29; Commonwealth Exhibit 2. He also had red marks and bruising on his lower neck, chest, arms and legs as a result of the beating by [Appellant] with the belt. Notes of Testimony, 1/7/19 at 29-33; Commonwealth Exhibits 3-9.

On January 7, 2019[, Appellant] appeared before the Honorable Mia R. Perez in a waiver trial and was found guilty of Aggravated Assault (F1),[1] Strangulation (F2),[2] Endangering Welfare of Children (F3),[3] Simple Assault (M2),[4] and Recklessly Endangering Another Person.[5]

On March 14, 2019, this [c]ourt sentenced [Appellant] to 5-10 years of state incarceration for the aggravated assault with a concurrent sentence of 5-10 years of state incarceration for the strangulation. This [c]ourt sentenced [Appellant] to four years of reporting probation for Endangering Welfare of Children, with no further penalty for the simple assault and recklessly endangering another person charges.

[Appellant] filed a Motion to Reconsider Sentence on March 25, 2019, and an amended version of the motion on July 9, 2019. This [c]ourt denied [Appellant's] motion on July 16, 2019.

---

[1] 18 Pa.C.S. § 2702(a)(9).
[2] 18 Pa.C.S. § 2718(a)(1).
[3] 18 Pa.C.S. § 4304 (a)(1).
[4] 18 Pa.C.S. § 2701(a).
[5] 18 Pa.C.S. § 2705.

Trial Court Opinion, 11/6/19, at 1-2.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did not the trial court err as a matter of law in finding the evidence sufficient to convict Appellant of Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(9), where the evidence failed to establish (1) that Appellant had the specific intent to cause serious bodily injury to A.K., or (2) that Appellant caused serious bodily injury to A.K. intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life?

2. Did not the trial court err as a matter of law in finding the evidence sufficient to convict Appellant of Strangulation, 18 Pa.C.S.A. § 2718(a)(1), where the evidence failed to establish that Appellant impeded A.K.'s breathing or circulation of blood?

3. Did not the court err as a matter of law and abuse its discretion when it imposed a manifestly excessive and unreasonable sentence of five to ten years of incarceration for Strangulation, and an equally excessive and clearly unreasonable sentence of a concurrent term of five to ten years of incarceration for Aggravated Assault, after failing to give individualized consideration to Appellant's personal history, rehabilitative needs, and background, as well as to the circumstances of the case; and which was in excess of what was necessary to address the gravity of the offense, the protection of the community, and Appellant's rehabilitative needs?

4. Did not the trial court err as a matter of law by imposing an illegal "no contact" condition of parole under which Appellant is prohibited from having unsupervised contact with any children, including her own, for the entirety of the fourteen-year period of supervision, which includes the time that the Pennsylvania Board of Probation and Parole has exclusive statutory authority over Appellant's supervision while on state parole?

Appellant's Brief at 4-5.

Appellant's first two issues challenge the sufficiency of the evidence. Our standard of review is well established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Estepp***, 17 A.3d 939, 943-944 (Pa. Super. 2011).

In her first issue, Appellant argues that there was insufficient evidence presented by the Commonwealth to prove beyond a reasonable doubt that she committed the crime of aggravated assault. Appellant's Brief at 23-35. Appellant contends that the Commonwealth failed to establish that she attempted to cause serious bodily injury to A.K. ***Id***. at 24-34. Also, Appellant asserts that the Commonwealth did not establish that she caused serious bodily injury to A.K. ***Id***. at 34-35.

The relevant provision of the Crimes Code defining aggravated assault applicable to this case provides as follows:

- 4 -

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

* * *

(9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older.

18 Pa.C.S. § 2702(a)(9). As we expressed in **Commonwealth v. Fortune**, 68 A.3d 980 (Pa. Super. 2013):

For aggravated assault purposes, an "attempt" is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another. An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances.

**Id**. at 984 (citations omitted).

In addition, the Court in **Fortune** summarized the following:

The Pennsylvania Supreme Court in **Commonwealth v. Alexander**, 477 Pa. 190, 383 A.2d 887 (Pa. 1978) created a totality of the circumstances test to be used to evaluate whether a defendant acted with the necessary intent to sustain an aggravated assault conviction. In **Commonwealth v. Matthew**, 589 Pa. 487, 909 A.2d 1254 (2006), that Court reaffirmed the test and articulated the legal principles which apply when the Commonwealth seeks to prove aggravated assault by showing that the defendant attempted to cause serious bodily injury. Specifically, the Court stated, in relevant part, that:

**Alexander** created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a defendant possessed the intent to inflict serious bodily injury. **Alexander** provided a list, albeit incomplete, of factors that may be considered in determining whether the intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the

defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. *Alexander*, at 889. *Alexander* made clear that simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault.

*Matthew*, 909 A.2d at 1257 (citation and quotation marks omitted). The Court indicated that our case law does not hold that the Commonwealth never can establish a defendant intended to inflict bodily injury if he had ample opportunity to inflict bodily injury but did not inflict it. Rather, the totality of the circumstances must be examined as set forth by *Alexander*.

*Fortune*, 68 A.3d at 984.

In *Commonwealth v. Hall*, 830 A.2d 537, 542 (Pa. 2003), our Supreme Court stated that in cases "[w]here the intention of the actor is obvious from the act itself, the finder of fact is justified in assigning the intention that is suggested by the conduct." Moreover, our Supreme Court has long observed, "It is beyond question that manual strangulation can result in serious bodily injury, if not death." *Commonwealth v. Watson*, 431 A.2d 949, 952 (Pa. 1981).

The trial court addressed Appellant's challenge to the sufficiency of the evidence with the following apt discussion:

The evidence in this case does establish that [Appellant] attempted to cause serious bodily injury to the victim. [Appellant] deliberately and violently attacked her 11-year old son on two separate occasions. Notes of Testimony, 1/7/19 at 17-19, 21-22. She admitted to the assaults in a video police statement played

- 6 -

during the trial, confirming unapologetically that she had beaten her son because [she thought] he had stolen her drugs. *See Commonwealth Exhibit 14*.

Applying the **Alexander** factors in this case, there is a significant inherent difference between [Appellant] and [A.K.'s] sizes and strengths because [Appellant] is an adult and [A.K.,] a child. This [c]ourt further notes that [Appellant's] role as [A.K.'s] mother would not only reflect a duty of care owed to [A.K.], but also a position of authority contributing to [A.K.'s] vulnerability. As to [Appellant's] ability to escalate the assault, the only reason [Appellant] did not continue to beat her son, incurring more severe injuries, was because he fled the house, running barefoot into the cold to seek help from a stranger. *Notes of Testimony*, 1/7/19 at 22. As to the factor involving use of weapons, in the second incidence of assault, [Appellant] used a weapon, a belt, to aid in her attack, resulting in injuries to [A.K.'s] arms, legs and chest. *Id*. at 22; *Commonwealth Exhibits* 3-9. In the first assault, [Appellant] choked [A.K.] - and while a separate weapon was not employed in that attack, this [c]ourt views [Appellant's] use of her hands to strangle as having no other purpose than to cause [A.K.] serious bodily harm or death. As to the factor in **Alexander** regarding statements or threats made to [A.K.], although there is no evidence of verbal statements, this [c]ourt notes that the force of a choking hold implies an intent to seriously injure or kill.

This [c]ourt finds that the evidence clearly established the requisite elements of Aggravated Assault as a felony in the first degree.

Trial Court Opinion, 11/6/19, at unnumbered 6-7 (citation omitted).

We have thoroughly reviewed the certified record before us on appeal, and we agree with the trial court's determination that the Commonwealth presented sufficient evidence to establish beyond a reasonable doubt that Appellant committed the crime of aggravated assault. It is undisputed that A.K. testified that during the first altercation with Appellant, she pushed him to the floor and choked him around the neck with her hands. N.T., 1/7/19, at

- 7 -

17. A.K. specifically testified that he could not breathe during the incident. *Id*. This action of manual strangulation can result in serious bodily injury. *Watson*, 431 A.2d at 952. Thus, the trial court was justified in assigning the intention that is suggested by Appellant's conduct. *Hall*, 830 A.2d at 542. Accordingly, Appellant's contrary claim lacks merit.

Appellant next argues that the Commonwealth failed to prove beyond a reasonable doubt that she committed the crime of strangulation. Appellant's Brief at 35-39. Appellant asserts that the Commonwealth did not prove, as a medical fact, that A.K.'s breathing or circulation of blood was impeded. *Id*. at 37-38. Appellant posits that "despite A.K.'s limited assertion that he could not breathe, his breathing could not have been impeded when he was able to tell Appellant to stop; to yell for help; and to tell his mother a lie about who might have taken the drugs." *Id*. at 38.

The offense of strangulation is defined as follows:

**(a) Offense defined.--**A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:

    (1) applying pressure to the throat or neck

18 Pa.C.S. § 2718(a). Moreover, "[i]nfliction of a physical injury to a victim shall not be an element of the offense. The lack of physical injury to a victim shall not be a defense in a prosecution under this section." 18 Pa.C.S. § 2718(b).

The trial court addressed this claim of insufficient evidence as follows:

> In this case, [A.K.] credibly testified that [Appellant] placed her hands on his neck and choked him by the throat after pushing him to the ground. *Notes of Testimony*, 1/7/19 at 17. [A.K.] further testified that he could not breath during this attack. *Id*. at [17,] 38. Photographs depicting marks [A.K.] sustained on his neck were admitted into evidence without objection. *Commonwealth Exhibit 2 and 3*. Based on the testimony and photographic evidence, this [c]ourt found that the Commonwealth had met its burden of proving beyond a reasonable doubt the elements of the crime of strangulation.

Trial Court Opinion, 11/6/19, at unnumbered 7-8. We agree with the trial court's assessment.

Here, A.K. specifically testified that due to Appellant's hands choking his neck, he could not breathe. N.T., 1/7/19, at 17. This testimony is sufficient to meet the statutory elements set forth by the legislature, *i.e.*, that Appellant impeded A.K.'s breathing by applying pressure to his throat. Moreover, Appellant's assertion that the Commonwealth needed to prove an impediment to breathing as a "medical fact" is unsupported by legal authority. Further, in light of A.K.'s unequivocal testimony that he could not breathe, A.K.'s ability to tell Appellant at some point during the attack to stop the choking and to call for help is of no moment. Accordingly, Appellant's claim lacks merit.

Appellant also argues that the trial court abused its discretion in fashioning her sentence. Appellant's Brief at 39-54. Appellant claims the trial court improperly imposed a manifestly excessive and unreasonable sentence without adequately considering Appellant's rehabilitative needs and the

circumstances of the case. ***Id***. at 39. Appellant asserts that she received a non-individualized and disproportionate sentence. ***Id***.[6]

Appellant challenges the discretionary aspects of sentencing. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

---

[6] We observe that within her argument on this issue, Appellant includes a claim that the trial court deviated without explanation from the Sentencing Guidelines with regard to her conviction of strangulation. Appellant's Brief at 39-40. Indeed, it appears that the trial court utilized the same sentencing guidelines for Appellant's convictions of aggravated assault and strangulation. N.T., 3/14/19, at 6. However, Appellant did not preserve for appellate review the issue of whether the trial court utilized incorrect sentencing guidelines, having failed to present the claim in her post-sentence motions. ***See Commonwealth v. Archer***, 722 A.2d 203, 210-211 (Pa. Super. 1998) (*en banc*) (holding that a misapplication of the Sentencing Guidelines presents a challenge to the discretionary aspects of sentencing and is waivable); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id***.

Herein, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in her appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In her Rule 2119(f) statement, Appellant argues that the trial court abused its discretion by failing to consider and balance her rehabilitative needs and other factors under 42 Pa.C.S. § 9721(b). Appellant's Brief at 15-22. This Court has found a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S.

§ 9721(b).[7]  ***See Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)).  Therefore, Appellant has raised a substantial question.  As such, we will review the merits of Appellant's sentencing claim. Nevertheless, we conclude that Appellant is entitled to no relief, as the record reveals that the court did consider all pertinent sentencing factors.

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  ***Fullin***, 892 A.2d at 847.  In this context, an abuse of discretion is not shown merely by an error in judgment.  ***Id***.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.  ***Id***.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's

_____

[7]  We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant.  ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006).

character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[8] As previously noted, when imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal

_____

[8] The ***Walls*** Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record—In reviewing the record the appellate court shall have regard for:
>
>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S.A. § 9781(d).

***Walls***, 926 A.2d at 963.

record, his age, personal characteristics and his potential for rehabilitation."

*Id*. In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citing ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988)).

Our review of the record reflects that at the time of Appellant's sentencing, the trial court received and reviewed a presentence report. N.T., 3/14/19, at 4, 16. The trial court heard argument from Appellant's counsel. *Id*. at 6-8. Further, the trial court heard Appellant's allocution. *Id*. at 13-16. Immediately following Appellant's allocution and prior to announcing the judgment of sentence, the trial court gave a detailed account of its reasoning for imposing the sentence. *Id*. at 16-18.

The trial court further elaborated its reasoning for imposition of the specific sentence upon Appellant in its written opinion, as follows:

> This [c]ourt stated sufficient reasons for imposing its sentence, and adequately examined and investigated [Appellant's] background, character and rehabilitative needs when arriving at its sentence. This [c]ourt's sentence was not excessive based on the gravity and nature of the offense and the concern for protection of the public.
>
> * * *
>
> [Appellant] was found guilty of Aggravated Assault (F1), Strangulation (F2), Endangering Welfare of Children (F3), Simple Assault (M2), and Recklessly Endangering Another Person. The

- 14 -

prior record score for [Appellant] was a 2 and the offense gravity score for the lead charge of aggravated assault was an 11 as [the victim] was under 13 years of age. Thus, the sentencing range was 48 to 66 months plus or minus 12 months. At the time of sentencing, the Commonwealth requested a sentence for 6 to 12 years of incarceration followed by five years of domestic violence probation, which itself was within the relevant guidelines. *Notes of Testimony*, 3/14/19 at 11.

This [c]ourt sentenced [Appellant] to 5-10 years of state incarceration for the aggravated assault with a concurrent sentence of 5-10 years of state incarceration for the strangulation, four years of reporting probation for Endangering Welfare of Children, with no further penalty for the simple assault and recklessly endangering another person charges. This [c]ourt ordered upon release that [Appellant] was to be supervised by the domestic violence unit of probation and parole.

This [c]ourt's on-record statements incorporating the findings in the PSI, [Forensic Intensive Recovery Evaluation ("FIR")] and mental health reports are sufficient to explain the reasons for the sentence imposed, to demonstrate that compliance with applicable sentencing laws and regulations, and to show that, in sentencing [Appellant], this [c]ourt acted well within its discretion. *Notes of Testimony*, 3/14/19 at 16. This [c]ourt considered both mitigating and aggravating factors when arriving at its sentence within the guidelines.

This [c]ourt carefully reviewed [Appellant's] prior record score, offense gravity score and range, the facts in this trial, [Appellant's] video statement and [A.K.'s] testimony, and the history and character of [Appellant] as summarized in the defense mitigation memo and at the sentencing hearing. *Id*. at 16.

Specific aggravating factors considered in [Appellant's] sentence included the nature of the crime, the importance of protecting the community from violence and [Appellant's] failure to take responsibility for her crimes. The first aggravating factor that this [c]ourt cited was the nature of the crime, specifically that the assault took the form of a physical beating that resulted in the child [c]omplainant needing to escape his own home and mother and run barefoot in the cold seeking help from strangers. *Id*. at 18. "When an offense is carried out in a manner which makes it more egregious than is typical for the offense ... the nature of the

offense is a proper aggravating factor to consider." *Commonwealth v. Hanson*, 2004 PA Super 326, 856 A.2d 1254 (2004). As such, the nature of the crime was a proper aggravating factor to consider in sentencing.

Protection of the public may also be considered as an aggravating factor when fashioning a sentence. 42 Pa.C.S. § 9721(b). This [c]ourt cited a concern that [Appellant's] dangerous behavior would recur should she not receive a sufficient period of rehabilitation. *Id*. at 18. This [c]ourt also considered [Appellant's] demeanor in her video statement during the trial and lack of remorse or accountability at that time. *Id*. at 17-18, Also noted during sentencing was [A.K.'s] particular vulnerability due to the fact that [Appellant] owed him a specific duty of care and nurture as his mother, *Id*. at 17.

After careful review of all factors, this [c]ourt properly sentenced [Appellant] within its discretion and within the guidelines.

Trial Court Opinion, 11/6/19, at unnumbered 8-11.

We conclude that the reasons the trial judge offered for the sentence imposed were sufficient to find that the trial court properly considered all relevant factors in fashioning Appellant's sentence. Also, because the trial court had been fully informed and relied upon the presentence report, N.T., 3/14/19, at 16, we conclude that the trial court did not abuse its discretion in imposing the instant sentence. **Ventura**, 975 A.2d at 1133. Accordingly, Appellant's claim that the trial court failed to contemplate relevant factors in considering Appellant's rehabilitative needs and imposing the sentence lacks merit.

Appellant last argues that the trial court exceeded its authority at the time of sentencing. Appellant's Brief at 54-56. Appellant contends that the

trial court improperly imposed a "limited contact" condition as part of her state parole. *Id*. The Commonwealth agrees with Appellant's claim and concedes that this portion of Appellant's sentence should be vacated. Commonwealth's Brief at 19-20. We agree.

Although Appellant raises this argument for the first time on appeal, this claim is a challenge to the legality of his sentence, and therefore, unwaivable. *See Commonwealth v. Alexander*, 16 A.3d 1152, 1154-1155 (Pa. Super. 2011) (citing *Commonwealth v. Wilson*, 11 A.3d 519 (Pa. Super. 2010) (*en banc*) (finding that a challenge to the trial court's authority to impose conditions on a defendant's probation or parole constitutes a challenge to the legality of sentence which is unwaivable)).

We conclude that the trial court did not have the authority to impose this restriction. This Court has held that "the Pennsylvania Board of Probation and Parole [("PBPP")] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years." *Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa. Super. 2011) (quoting *Commonwealth v. Mears*, 972 A.2d 1210 (Pa. Super. 2009)). In *Coulverson*, this Court found that the trial court exceeded its authority in imposing a condition that the appellant have no contact with his victims or their families upon his release on parole. *Coulverson*, 34 A.3d at 141-142. *See also* 61 Pa.C.S. §§ 6132(a) and (b)(1), (2) (codifying the principle established in *Mears*).

In this case, Appellant was sentenced to a maximum term of imprisonment of more than two years. Therefore, the PBPP has exclusive authority to determine her parole.

To the extent that the trial court's sentencing order imposes conditions of parole, we vacate those conditions. We note that "[t]his Court has the authority to correct an illegal sentence directly rather than to remand the case for re-sentencing as long as we do not disrupt the trial court's sentencing scheme in doing so." **Commonwealth v. Melvin**, 103 A.3d 1, 56 (Pa. Super. 2014). As our elimination of the trial court's condition upon Appellant's release from prison does not disrupt the trial court's sentencing scheme, we need not remand for resentencing.

Accordingly, we affirm the judgment of sentence after correction of the sentence as described above to eliminate the condition that the trial court placed on Appellant's release from imprisonment.

Judgment of sentence affirmed with appropriate correction. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/21

- 18 -