J-A25028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                    Appellee    :
                                :
            v.                  :
                                :
TODD ELLIS CARTER, JR.          :
                                :
                    Appellant   :          No. 455 WDA 2021

Appeal from the PCRA Order Entered March 5, 2021
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):  CP-16-CR-0000383-2016

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                  **FILED:  February 18, 2022**

Appellant, Todd Ellis Carter, Jr., appeals from the order entered in the Clarion County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  For the following reasons, we vacate a portion of Appellant's sentence imposing certain "special conditions."

The relevant facts and procedural history of this case are as follows.  On December 19, 2017, a jury convicted Appellant of two counts of delivery of a controlled substance, one count of possession of a controlled substance with the intent to deliver, and two counts of criminal use of a communication facility.  The court sentenced Appellant on February 7, 2018, to an aggregate

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

term of 9 to 18 years' imprisonment. The court's sentence included "special conditions" that Appellant shall not have any contact with any of the witnesses in this case, and that Appellant shall submit to a drug and alcohol evaluation and follow through with any recommended treatment. On October 28, 2019, this Court affirmed the judgment of sentence. *See Commonwealth v. Carter*, 222 A.3d 878 (Pa.Super. 2019) (unpublished memorandum).

On August 13, 2020, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on December 4, 2020. Appellant filed a counseled supplement to his amended PCRA petition on March 4, 2021. In his petitions, Appellant raised claims of ineffective assistance of counsel. Following a PCRA hearing, the court denied relief on March 5, 2021. Appellant timely filed a notice of appeal on Monday, April 5, 2021. On April 8, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his concise statement on April 30, 2021.

Appellant raises one issue on appeal:

> Whether the [trial] court erred in imposing an illegal sentence by issuing conditions of parole where no authority existed for such issuance.

(Appellant's Brief at 4).

On appeal, Appellant abandons the claims of ineffective assistance of counsel that he raised before the PCRA court. Instead, for the first time on appeal, Appellant now advances a claim that his sentence is illegal.

Specifically, Appellant argues that the trial court erred by imposing parole conditions upon Appellant where no authority existed for the trial court to do so. Appellant challenges the "special conditions" of his sentence that required Appellant to 1) have no contact with any witnesses in the case; and 2) undergo a drug and alcohol evaluation and follow through with any recommended treatment. Appellant claims that because the court imposed a state sentence, his eligibility for parole and all terms/conditions of parole are subject to the exclusive jurisdiction of the Pennsylvania Board of Probation and Parole. Appellant insists that when the trial court purports to impose conditions on state parole, those conditions are merely advisory and carry no legal force. Appellant concludes the court imposed an illegal sentence and this Court must vacate the portion of his sentence imposing the challenged conditions or vacate and remand for resentencing. We agree that relief is due.

"The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Leverette*, 911 A.2d 998, 1001 (Pa.Super. 2006). "An illegal sentence must be vacated." *Id.* Further, "[a] challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa.Super. 2011).

"[W]here the maximum term of a defendant's sentence is two or more

years, a trial court is without authority to set the terms of any parole."

***Commonwealth v. Alexander***, 16 A.3d 1152, 1156 (Pa.Super. 2011) (*en banc*) (vacating portion of sentence that imposed parole condition where defendant's maximum sentence was two years' imprisonment).  This Court has explained:

> In [***Commonwealth v. Mears***, 972 A.2d 1210 (Pa.Super. 2009)], we recognized expressly that "'the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years[.]' Therefore, any condition the sentencing court purported to impose on Appellant's state parole is advisory only."  ***See*** [***id.*** at 1211] (quoting ***Commonwealth v. Camps***, 772 A.2d 70, 74 (Pa.Super.2001)).  The conclusion we reached in ***Mears*** is currently codified at 61 Pa.C.S.A. §§ 6132(a) and 6134(b)(1), (2) [(effective October 13, 2009 to June 29, 2021)] ("A recommendation made by a judge under paragraph (1) respecting the parole or terms of parole of a person shall be advisory only.  No order in respect to the recommendation made or attempted to be made as a part of a sentence shall be binding upon the board in performing the duties and functions conferred on it by this chapter").[2] Accordingly, to the extent the trial court purported to impose conditions of parole in its sentencing order, those conditions and the order exceed the bounds of the court's authority and are subject to vacatur, which we hereby direct.

***Commonwealth v. Coulverson***, 34 A.3d 135, 141-42 (Pa.Super. 2011) (holding condition of sentence imposing "no contact" provision following appellant's release on parole (should such release be granted) exceeded trial

---

2 The current version of the statute, effective June 30, 2021, contains almost identical language at 61 Pa.C.S.A. § 6134(2).

court's lawful authority).

Instantly, the court sentenced Appellant on February 7, 2018, to an aggregate term of 9 to 18 years' imprisonment. As "special conditions" of the sentence, the court included terms that: 1) "[Appellant] shall not have any contact with any of the witnesses in this case"; and 2) "[Appellant] shall submit to a drug and alcohol assessment and comply with all treatment recommendations." (*See* Sentencing Order, 2/7/18, at 2 ¶4(a), (c)). Nevertheless, because the court imposed a maximum term of imprisonment greater than two years, the trial court lacked authority to impose parole conditions, which are within the exclusive jurisdiction of the Board of Probation and Parole.[3] *See Alexander, supra*; *Coulverson, supra*. Notably, the Commonwealth agrees that this Court should vacate the portion of Appellant's

_____

[3] We note that the trial court did not specify at the sentencing hearing or in its sentencing order whether it intended for the special conditions to apply during Appellant's prison term, as a condition of parole, or both. (*See* Sentencing Order, 2/7/18, at 1-2); (N.T. Sentencing Hearing, 2/7/18, at 24-27). Even if the court intended to impose the challenged special conditions to apply during Appellant's prison term (and not as parole conditions), the trial court similarly lacked authority to do so. *See Commonwealth v. Cruz*, 2078 & 2079 MDA 2019, 2020 WL 5362178 at *3 (Pa.Super. Sept. 8, 2020) (unpublished memorandum) (stating: "Regarding the imposition of the No-Contact Provision for the duration of [the appellant's] prison term, the trial court did not identify, nor can we…find any statutory or other legal authority, to support the trial court's imposition of the No-Contact Provision as a special condition of [the appellant's] prison sentence"; if no statutory authorization exists for particular sentence, that sentence is illegal and subject to correction; to extent court imposed No-Contact Provision as condition of future parole, trial court exceeded its authority and we must vacate No-Contact Provision). *See also* Pa.R.A.P. 126(b) (explaining that we may rely on unpublished decisions from this Court filed after May 1, 2019 for persuasive value).

sentence imposing the challenged conditions.[4] (**See** Commonwealth's Brief at 6). Therefore, we agree with Appellant that the no contact and drug and alcohol related conditions of his sentence are illegal, and we vacate **only** those portions of his sentence. As our disposition does not disrupt the overall sentencing scheme, we decline to remand for resentencing. **See**

**Commonwealth v. Henderson**, 938 A.2d 1063 (Pa.Super. 2007), *appeal denied*, 598 Pa. 746, 954 A.2d 575 (2008) (holding that remand for resentencing is not necessary when this Court vacates portion of judgment of sentence and aggregate sentence remains identical). Accordingly, we vacate the special conditions of Appellant's sentence stated in the sentencing order at ¶4(a) and (c).

Judgment of sentence vacated in part. Jurisdiction is relinquished.

---

[4] As Appellant raised a challenge to the legality of his sentence for the first time on appeal, the PCRA court did not address this claim in its opinion. Because Appellant presented his sentencing challenge in a timely filed PCRA petition, there is no jurisdictional impediment to our review. **See Borovichka, supra**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2022